UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER GALEANA PEREZ,<br><br>    Petitioner,<br>v.<br><br>JOHN C. MARSHALL, Warden,<br><br>    Respondent. | Civil No. 09cv0245 JAH (AJB)<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY** |

On February 10, 2009, petitioner, a state prisoner appearing *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to the Honorable Anthony J. Battaglia, United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)B) and Local Rule HC.2(a). On April 8, 2009, respondent filed a motion to dismiss the petition as untimely and petitioner filed an opposition to the motion on May 29, 2009. Judge Battaglia issued a report and recommendation ("report") on June 26, 2009, recommending that this Court dismiss the petition, finding that the petition was untimely filed and petitioner was not entitled to statutory or equitable tolling based on the record presented. Petitioner filed objections to the magistrates judge's findings and conclusions contained in the report on August 3, 2009. This Court subsequently overruled petitioner's objections, adopted the report it its entirety and dismissed the petition as untimely filed.

On November 16, 2009, petitioner filed a notice of appeal. *See* Doc. # 14. Although petitioner did not expressly request a certificate of appealability concurrently

1  with his notice of appeal, this Court *sua sponte* considers whether a certificate of
2  appealability should be granted. *See* Fed.R.App.P. 22(b); <u>United States v. Asrar</u>, 116 F.3d
3  1268, 1270 (9th Cir. 1997)("If no express request is made for a certificate of appealability,
4  the notice of appeal shall be deemed to constitute a request for certificate.").

5        A certificate of appealability is authorized "if the applicant has made a substantial
6  showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this
7  threshold showing, a petitioner must show : (1) the issues are debatable among jurists of
8  reason; or (2) that a court could resolve the issues in a different manner; or (3) that the
9  questions are adequate to deserve encouragement to proceed further. <u>Lambright v.
10 Stewart</u>, 220 F.3d 1022, 1024-25 (9th Cir. 2000)(citing <u>Slack v. McDaniel</u>, 529 U.S. 473
11 (2000) and <u>Barefoot v. Estelle</u>, 463 U.S. 880 (1983)).

12       Here, petitioner appeals this Court's order dismissing the petition for writ of habeas
13 corpus as untimely filed. In overruling petitioner's objections and dismissing the petition,
14 this Court agreed with the magistrate judge's determination that the one-year statute of
15 limitations, set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"),
16 applies to petitioner's federal habeas petition and, absent statutory or equitable tolling of
17 the statute, petitioner's federal habeas petition was untimely filed. This Court further
18 agreed with the magistrate judge that neither statutory nor equitable tolling of the statute
19 of limitations was available to petitioner under the circumstances here. Therefore, this
20 Court adopted the magistrate judge's recommendation in full and dismissed the petition
21 as untimely.

22       This Court finds that a certificate of appealability is not warranted in this instance
23 because the dismissal of the petition under the circumstances here is not an issue debatable
24 among jurists of reason nor could any other court resolve the issue in a different
25 //
26 //
27 //
28 //

1  manner. <u>Lambright</u>, 220 F.3d at 1024-25. Accordingly, this Court **DENIES** a certificate
2  of appealability in this case.
3       **IT IS SO ORDERED.**
4  DATED:     November 30, 2009

*[signature]*

JOHN A. HOUSTON
United States District Judge